U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW HAMPSHIRE

------------------------------------

PITNEY BOWES INC., a Delaware corporation
doing business in the State of New Hampshire,

                                  Plaintiff,

v.

WILLIAM LUSTIG, an individual and doing
business as GLOBAL MAILING SUPPLIES,

                                  Defendant.

------------------------------------x

Case No. 09-cv-107-01-PB

**AGREED PERMANENT
INJUNCTION AND ORDER**

      Plaintiff Pitney Bowes Inc., having reached an agreement with Defendant William Lustig during a settlement conference with the Court, it is hereby agreed and

      IT IS ORDERED as follows that:

      1.    William Lustig, along with his respective agents, employers, employees, attorneys, and those persons in active concert or participation with him, be permanently enjoined from:

           (a)    Directly or indirectly selling, soliciting, or shipping Postal Mailing Technology within the State of New Hampshire. Postal Mailing Technology shall include postage meters, postage machines, folders, shredders, sorters, inserters, and mail addressing systems. The restriction in this paragraph shall apply through **July 31, 2011**;

           (b)    Directly or indirectly selling, soliciting, or shipping Postage Meter Supplies, which includes ink, meter tape, and other supplies used with postage machines, to any Pitney Bowes customer in Merrimack and Hillsborough Counties in New Hampshire, except the customers specifically identified on Exhibit A (which shall be maintained and kept confidential by the parties but which will not be filed with the Court). A Pitney Bowes customer shall be defined as a person or entity possessing Pitney Bowes Postal Mailing Technology. The restriction in this paragraph shall apply through **July 31, 2010** and shall not prevent William Lustig from selling laser toner cartridges for printers (for clarity printers are Non-Postal Mailing Technology typically hooked into personal computers);

 (c) Directly or indirectly disclosing or utilizing any Pitney Bowes information of a confidential nature relating to the technical, commercial or any other affairs of Pitney Bowes, or any confidential information which Pitney Bowes has received from third parties;

 (d) Directly or indirectly misappropriating or threatening to misappropriate Pitney Bowes' confidential and proprietary information, including all copies thereof; and

 (e) Directly or indirectly revealing or utilizing Pitney Bowes' proprietary information, trade secrets, and confidential information.

2. William Lustig, along with his respective agents, employers, employees, attorneys and those persons in active concert or participation with him, shall return to Pitney Bowes all trade secrets and confidential information in his possession or control, including all copies thereof.

3. William Lustig agrees not to defame Pitney Bowes and Pitney Bowes agrees not to defame William Lustig.

4. William Lustig shall provide to Pitney Bowes' outside counsel every three months, after the entry of this Agreed Permanent Injunction, through July 31, 2011, copies of invoices for all goods or services sold by him directly or indirectly, or through Global Mailing Supplies, or any third-party.

5. William Lustig agrees not to seek or accept employment with Pitney Bowes in any capacity now or in the future.

6. William Lustig and Pitney Bowes agrees that this matter shall be dismissed with prejudice, however, the court shall retain jurisdiction of this matter and the parties to enforce and oversee this Agreed Permanent Injunction through July 31, 2011.

7. William Lustig and Pitney Bowes agree that each side fully and completely waives, releases, and forever discharges one another from any and all claims, actions, causes of action, complaints, grievances, demands, allegations, promises, and obligations for damages (including but not limited to, compensatory, exemplary and punitive damages for mental anguish, loss of consortium, pain, embarrassment, humiliation, emotional distress), losses, expenses, fees, wages, bonuses, commissions, attorneys' fees or costs, back pay, loss of earnings, debts, instatement and/or reinstatement and any and all other demands which each may have against one another, through the date of this Agreed Permanent Injunction, arising out of Lustig's employment relationship with Pitney Bowes and/or any other occurrence whatsoever through the date of this Agreed Permanent Injunction, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise. This release does not release the obligations herein.

8. The Parties agree that the bond posted by Pitney Bowes in this matter shall be released and returned to Pitney Bowes' and that the dismissal order in this matter shall reflect the same.

9. Nothing contained in this Agreed Permanent Injunction shall be deemed an admission of liability or any violation of any applicable law, rule, regulation, order, or contract of any kind by any of the Parties hereto.

10. William Lustig and Pitney Bowes covenant and agree not to bring any action nor assert any defense challenging the validity, enforceability or breadth of the terms of this Agreed Permanent Injunction.

11. The Parties understand and agree that they will be solely responsible for all expenses incurred by them respectively or on their behalf in connection with this matter, including but not limited to their respective attorneys' fees, costs, and disbursements. Accordingly, upon execution of this Agreed Permanent Injunction by William Lustig and Pitney Bowes, each does hereby fully and finally release, acquit, and forever discharge each other from any liability or action of any kind for attorneys' fees, costs, and/or disbursements incurred in connection with this matter, and each further covenant and agree never to institute any action proceeding to recover any such attorneys' fees, costs, and/or disbursements from each other in connection with this matter, except for a violation of the Agreed Permanent Injunction.

12. William Lustig and Pitney Bowes acknowledge that each has been given a reasonable time in which to consider this Agreed Permanent Injunction; and that: (A) each has carefully read this Order and fully understands it meaning, intent and legal consequences; (B) each agrees to all the terms of the Order and is voluntarily signing below; (C) the consideration contained herein is in addition to anything of value to which each is already entitled; (D) that each has not, will not and cannot rely on any representations not expressly made herein; and (E) the only consideration for signing this Order are the terms stated herein and no other promises or representations of any kind have been made by any person or entity whatsoever to cause each to sign this Order.

13. This Order shall be construed in accordance with the internal laws of the State of New Hampshire and any action brought to enforce this Order shall be exclusively brought in the U.S. District Court for the State of New Hampshire, all parties agreeing to submit to the jurisdiction of the federal courts of the State of New Hampshire.

14. This Order sets forth the entire agreement between William Lustig and Pitney Bowes, regarding this matter, and supersedes any other written or oral understandings not expressly identified herein. Each agrees that if any provision of this Order or application thereof is held to be invalid, the invalidity shall not affect other provisions or applications of this Agreement. The parties agree that a court shall have full authority to modify any provision herein that is overbroad or unenforceable to the extent necessary to make any such modified provision valid and enforceable.

15. This Agreed Permanent Injunction shall inure to the benefit of and be binding upon the Parties' successors and assigns. This Order may be assigned by Pitney Bowes without approval of William Lustig. William Lustig cannot assign his obligations under this Order without approval from Pitney Bowes.

16.     A waiver of any breach of this Order shall not waive or estoppe and previous or subsequent breaches.

                                                                                    _____
                                                                                                                JUDGE

                                                                    DATED: _7-29-09_____

Agreed to By:

Entered into by:

Pitney Bowes Inc.

By: _Matthew N_____            _____
                                                                    William Lustig

Its: _District Manager___            _7/29/09_____
                                                                    Date

_7/29/09_____
Date


Prepared by:

Christopher Cole
Sheehan Phinney Bass & Green PA
1000 Elm Street, 17th Floor
Manchester, New Hampshire 03101

Michael D. Wexler, ISB No. 06207847
Justin K. Beyer, ISB No. 06282525
Seyfarth Shaw
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577

Attorneys for Plaintiff

4